BENEDICT *v.* GRIFFITH.

Opinion delivered November 8, 1909.

1. LIMITATION OF ACTIONS—VENDOR'S LIEN.—Where a vendor of land reserved in the deed a lien for the purchase money, the lien is an incident to the debt it secures and expires when the debt is barred by limitation. (Page 198.) .

2. SAME—NEW PROMISE—DECLARATIONS OF GRANTOR.—Where one who purchased land subject to °a vendor's lien for the purchase money conveyed it to another, the former's acts and declarations, done or made after such conveyance, are inadmissible to affect the running of the statute of limitations as to such lien. (Page 198.)

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Will P. Feazel,* for appellant.

The purchaser took the land subject to whatever rights and equities an inspection of the deed would have shown to be in appellant. 18 Ark. 142; 37 Ark. 571; 43 Ark. 467. The plea of limitation is personal to the party entitled to claim it, and he may waive it if he wishes. 36 Ark. 491; 71 Ark. 407; 72 Am. St. R. 835. A third party cannot plead the defense of usury. 66 Ark. 124. Nor the statute of frauds. 71 Ark. 304 But the written promise by Griffith to pay the debt furnishes a new point from which the statute will run. 22 Ark. 217; 66 Ark. 464; 22 Ark. 290. When the debt is barred, the lien is also barred. 43 Ark. 467; 53 Ark. 358; 47 S. W. 812. Whatever will revive the debt will revive the lien. 141 U. S. 28; 82 Am. St. R. 871.

*R. W. Robins,* for appellee, S. G. Smith.

When a written instrument is to be proved by parol testimony, no vague, uncertain recollection concerning its stipulations ought to supply the place of the instrument itself. 13 Ark. 496; 1 Pet. 600; 81 Ark. 147; 108 N. C. 441. Appellant has failed to show that he is entitled to recover against Smith, whether the notes are barred by limitation or not. 21 Ark. 202; 84 Ark. 282. The plea of the statute of limitations is generally a personal privilege, but grantees, mortgagees, and others standing in the debtor's place are entitled to its advantages. Wood on Lim. § 41; 72 N. E. 846; 43 Cal. 185; 18 Cal. 482; 4 Ore. 105. Part payment by a co-debtor will not bind a joint debtor. 12 Ark. 762; 20 Ark. 172; *Id.* 293; 13 S. W. 583; 82 Am. Dec. 754; 61 Am. St. R. 927.

BATTLE, J. This suit was instituted by H. H. Benedict against C. A. Griffith and S. G. Smith in the Faulkner Chancery Court to foreclose a vendor's lien on certain lands. He alleged in his complaint that on the 26th day of February, 1895, he sold the lands to Griffith for the sum of $1,000, and that Griffith executed to him for the same his eight promissory notes, as follows:   Six for $100 each, due and payable, respectively, on 15th day of November, 1895, 1896, 1897, 1898, 1899 and 1900, and two notes for $200 each, due and payable, respectively, on the 15th day of November, 1902 and 1904, all bearing interest at the rate of ten per cent. from date; that at the time of the sale he conveyed the lands to Griffith and retained in the deed a

lien on the land for the payment of the purchase money; that Griffith, in November, 1902, paid $200 on the notes, and is indebted to him for the lands in the sum of $1,000 with ten per cent. per annum interest thereon from the 26th day of February, 1895, less the sum of $200; and that Griffith, in July, 1907, in a letter to him, acknowledged the justice and correctness of the foregoing claim.  He asked for judgment against Griffith for the balance due on the notes, and that such judgment be declared a lien on the lands, and that it be foreclosed, and the lands sold to satisfy the same.

Griffith did not answer the complaint, but made default.

The defendant, Smith, answered and severally denied all the foregoing allegations, and alleged as follows: "The defendant C. A. Griffith was the owner of the lands described in plaintiff's complaint on February 3, 1902, and that he was and had been the owner thereof for more than seven years prior to that date, and the defendant C. A. Griffith continuously for more than seven years prior to February 3, 1902, and from and up until February 3, 1902, had been in the open, notorious and adverse possession of the lands described in the complaint, and during all that time claimed to own the same as his own, free from any lien of any kind; that the defendant Smith, on the 3d day of February, 1902, did believe and understand that C. A. Griffith was the owner of the land free from any liens or incumbrances of any kind, and, so believing, the defendant Smith did on February 3, 1902, purchase the land from C. A. Griffith together with other lands owned by Griffith, and on that day did pay Griffith therefor the sum of $3,500; and that for said sum on that day C. A. Griffith did bargain and sell the lands together with other lands to S. G. Smith, and on said day did execute to him a deed therefor, which deed was duly filed for record in the recorder's office of Faulkner County on February, 25, 1902.

*      *      *      *      *      *      *      *      *

"The defendant says that the land described in the complaint is a part of and lies adjoining the other lands which this defendant bought from Griffth on said day, and together make and form one farm.  And this defendant says that under the purchase and the deed the defendant Griffith did place this defendant in the possession of the land on February 3, 1902,

and that this defendant thereunder has been in the quiet, peaceable, open and notorious possession of the land continuously since said date, claiming to be the owner thereof. This defendant says that at the time he purchased the land as aforesaid from Griffith he did not know or have any information of any debt or claim due plaintiff for the purchase money or otherwise, any right or claim of the plaintiff, and that he did not have such knowledge of such claim, right or interest of plaintiff at any time prior to the purchase, and has had no knowledge or information of any such claim of plaintiff at any time since the purchase until the summons in this case was served upon him. And plaintiff, further answering, says that, in the event C. A. Griffith did purchase from the plaintiff the land and did execute to the plaintiff for the purchase money thereof the notes set out in the complaint, or any notes, then in that event this defendant says that more than five years have elapsed after the maturity of each and all of the notes, and after the maturity of the alleged indebtedness and before the institution of this suit. And this defendant does now specifically plead the statute of limitation of five years against each and all of the alleged notes."

The court, upon final hearing, found that Griffith is indebted to plaintiff, Benedict, in the sum of $2,300, and that plaintiff had no lien on the lands for the indebtedness of Griffith to plaintiff; "said indebtedness, in so far as the lands involved in this suit and the rights of the defendant, S. G. Smith, thereto are concerned, and the alleged vendor's lien, having been barred by the statute of limitation and by laches." Plaintiff appealed.

The deed and notes mentioned in the pleadings have been lost or destroyed. Evidence was adduced to prove their contents, which was based upon the memory of witnesses.

Plaintiff alleged that he retained a lien on the lands for the purchase money in the deed executed by him to Griffith, and that the purchase money was unpaid. This lien was an incident to the debt it secured, and expired when the debt was barred by limitation. *Stephens* v. *Shannon,* 43 Ark. 464; *Chase* v. *Cartright,* 53 Ark. 358.

After Griffith conveyed the lands to Smith, it was beyond his power "to affect the running of the statute of limitation as to such lands," Smith not being liable for the debt secured by

the lien thereon. His declarations and acts after that time are inadmissible for that purpose. The land had passed beyond his power to bind or affect by his liabilities. *Hughes Bros.* v. *Redus,* 90 Ark. 149; *Mayo* v. *Cartwright,* 30 Ark. 407; *George* v. *Butler,* 57 L. R. A. 396; Wood on Limitation (3 Ed.), § 230.

Payments made or letters written by Griffith after he sold and conveyed the land to Smith could not continue the lien beyond the time it was valid and subsisting when the land was sold to Smith. Griffith sold and conveyed the land to Smith on the 3d day of February, 1902. Witnesses differ as to the time when the notes of Griffith to Benedict were executed. They endeavor to fix the time by the death of the wife of Griffith, which was on the 23d day of July, 1894. Benedict, the plaintiff, and Mrs. Dora Adams testified that the land was sold to Smith about two years before the death of Mrs. Griffith. Griffith testified that the sale was after her death. He had previously stated that it was one or two years before her death, but he says that he had refreshed his memory since he made the latter statement and discovered that he was in error, and that the sale was after her death. His memory as to this fact was uncertain.

Witnesses also differ as to when the notes were payable. Benedict, the plaintiff, testified: "My recollection is there were eight notes; the first six were due one year apart; one beginning the 1st day of November, 1895, then one each year up to 1900. The two last notes were for $200 each, due two years apart; one in 1902 and the other in 1904." Griffith testified that the notes matured annually, one every year, until the last one mentioned, so that, if the notes were executed in 1892 or 1893, the first note matured in November, 1892 or 1893, or the first day of January, 1893 or 1894; the second one year after the maturity of the first; the third two years; the fourth three years; the fifth four years; the sixth five years; the seventh six years; and the eighth seven years.

The chancellor evidently found that the notes were executed in 1892 or 1893, and that the first of them matured on or before the first of January, 1894, and the last matured on or before the first of January, 1901, and that this suit was barred, it having been brought on the 10th day of August, 1907, more than five

years since their maturity, the time prescribed by the statute of limitation for the bringing of such suits. After a careful review of the evidence in the case, we cannot say the findings of the chancellor were contrary to the preponderance thereof.

Decree affirmed.

FRAUENTHAL, J., being disqualified, did not participate.