## WADLEY v. WARD.

### Opinion delivered May 15, 1911.

LIMITATION OF ACTIONS—LIEN OF MORTGAGE.—Where indorsement of payments are made upon the record of a mortgage or deed of trust in compliance with Kirby's Digest, § 5399, an action for the foreclosure of such mortgage will not be barred, either as against the mortgagor or any third person, until the debt secured by the mortgage is barred by the statute of limitation applicable thereto, and partial payments so made and indorsed on the record of such mortgage will continue the lien of such mortgage, as against the rights of all third parties, if made and indorsed before the debt is barred by the statute of limitations.

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*W. E. Beloate,* for appellant.

The payment made by McBride to Ward on September 28, 1908, after the making and recording of the Wadley mortgage, was not sufficient to keep alive the lien of the Ward mortgage and make it superior to appellant's. 92 Ark. 195; 30 Ark. 407; 31 Ark. 85; 69 Ark. 301; Kirby's Dig. § 5399.

*A. S. Irby,* for appellee.

The record clearly shows that appellee kept within the requirements of the statute to make the payments he had received operative against the rights of all third parties. Kirby's Dig. § 5399.

FRAUENTHAL, J. The question involved in this case is to determine the rights and priority of two mortgagees under foreclosure proceedings instituted by them to have satisfaction of their debts under the respective mortgages executed to them on the same land by the same mortgagor.

On August 30, 1900, D. G. McBride, the mortgagor, executed to appellee his note for $225, due November 1, 1901, and on the same day, in order to secure the payment thereof, executed to him a mortgage on said land, which was duly recorded on the second day of November, 1900. On this note McBride made the following payments to appellee, who dully indorsed a memorandum thereof on the record where said mortgage was recorded at the time of each payment, which was duly attested and dated by the clerk, towit: on October 28, 1903, the sum of $10.48; and on September 29, 1908, the sum of $10.

On March 25, 1901, McBride executed to appellee a second note for $69.40, due November 1, 1901, and to secure the payment thereof executed to appellee a second mortgage on the same day on said land, which was duly recorded on the 27th day of March, 1901. On this second note McBride made the following payment to appellee, who duly indorsed a memorandum thereof on the record, which was duly attested and dated towit: on October 23, 1906, the sum of $10.

On March 31, 1906, said McBride executed to appellant his note for $300, due November 1, 1907, and to secure same executed a mortgage to him on said land, which was duly recorded on November 7, 1906. The actions to foreclose the mortgages were instituted on June 25, 1909, and McBride, who was made a party to the foreclosure proceedings, made no defense to a recovery by either mortgagee; but the appellant pleaded that the said notes which had been executed by him to the appellee were barred by the statute of limitations as against the appellant and his mortgage, and on this account that the lien of his mortgage was prior and superior to that of the mortgages of appellee.

The lower court found that the notes and mortgages which had been executed to appellee by said McBride were not barred by the statute of limitations, and declared that the lien thereof on said land was prior and superior to that acquired by appellant by virtue of his mortgage, and entered a decree accordingly.

It is conceded by counsel for appellant upon this appeal that the note and mortgage executed by McBride to appellee on March 25, 1901, for $69.40, are not barred, and that the lien acquired upon the land for payment of said note is prior and superior to appellant's mortgage. But it is contended that the note and mortgage executed to appellee by McBride on August 30, 1900, for $225, is not prior or superior to the mortgage of appellant, for the reason that the payment of September 29, 1908, was made after the execution and record of the mortgage by McBride to appellant, and that after the execution of such subsequent mortgage McBride did not have the power to toll the statute in favor of appellee's mortgage or to keep alive appellee's debt as against appellant's rights and mortgage.

It is well settled that, as against the debtor, partial payments made by him to his creditor will stop the running of the statute of limitations and mark the time from which the statute then begins to run; and the general rule is that the partial payment of a debt, which will prevent the statute of limitations from running against it, will also prevent the statute from running against the remedy on the security. *Chase* v. *Carney,* 60 Ark. 491; *Less* v. *Arndt,* 68 Ark. 399; *McAbee* v. *Wiley,* 92 Ark. 245; *Clift* v. *Williams,* 105 Ky. 559. The statute of limitation that is applicable to a debt evidenced by a note is five years. Kirby's Digest, § 5069.

Whether or not a mortgagor can keep alive and continue the lien of a prior mortgage after he has conveyed the premises or mortgaged them to a third person has been differently decided by the courts of different jurisdictions. In some courts it has been held that the mortgage is only an incident of the debt, and that the mortgagee is not required to learn or inquire what disposition the mortgagor has made of the equity of redemption when payments are made to him from time to time by the mortgagor. By these courts it is held that all subsequent purchasers and mortgagees have notice of the existence of such prior mort-

gage by virtue of the record thereof, and they should also take notice of the usual course in business of making partial payments thereon, and of the legal effect thereof, and that until the debt is barred by the statute of limitations the mortgage is effective against all third persons in the same manner as it is against the mortgagor. *Hughes* v. *Edwards,* 9 Wheat. 488; *Murdock* v. *Waterman,* 145 N. Y. 55.

By other courts it has been held that, as against the subsequent purchaser or incumbrancer, the mortgagor has no power to prolong the time of the payment of the prior mortgage debt or to prevent the running of the statute of limitations against the prior mortgage after the execution of the subsequent deed or mortgage. *Lord* v. *Morris,* 18 Cal. 482; *George* v. *Butler,* 57 L. R. A. 396; 2 Jones on Mortgages, § 1207.

But, prior to the enactment of section 5399 of Kirby's Digest, which was passed in 1889, this court held that seven years' continuous adverse possession was necessary in order to bar an action to foreclose a mortgage upon real property, and that such continuous adverse possession for seven years was necessary in order to make available the plea of the statute of limitations, whether made by the mortgagor himself or by a subsequent grantee or mortgagee. *Ringo* v. *Woodruff,* 43 Ark. 469; *Whittington* v. *Flint,* 43 Ark. 504.

In the case of *Whittington* v. *Flint, supra,* it was held that "possession of the mortgagor or his privies, including his grantees, with notice, will not be adverse nor bar an action by the mortgagee for foreclosure or for possession of the land unless there has been an open and explicit disavowal and disclaimer of holding under the mortgagee's title and assertion of title in the holder brought home to the mortgagee," and that such adverse possession must continue for seven years to bar an action for the foreclosure of the mortgage. The cases of *Mayo* v. *Cartwright,* 30 Ark. 407, and *Benedict* v. *Griffith,* 92 Ark. 195, which are cited by counsel for appellant, are not in conflict with this ruling. In the latter cases the subsequent grantees under the mortgagor or vendee pleaded that the right to foreclose the incumbrances was barred by adverse possession, and it was only by proof of such adverse possession that such pleas were sustained.

In speaking of the case of *Mayo* v. *Cartwright, supra,* Mr.

Justice BATTLE, who also delivered the opinion in the case of *Benedict* v. *Griffith, supra,* said in the case of *Ringo* v. *Woodruff, supra*: "The only questions of limitation decided in the case were, did the war suspend the statute of limitations? and, if not, did the payments made by Washington arrest the statute as to Cartwright? There was no occasion for the court to pass upon any others; as it appears that the defendants in that case admitted the possession of Cartwright to be adverse."

And in the case of *Whittington* v. *Flint, supra,* the court, in speaking of the case of *Mayo* v. *Cartwright,* again said relative to the plea of the statute of limitation being effective in that case: "The course of reasoning by which this result was reached is as follows: from uninterrupted and exclusive occupation and the exercise of acts of dominion over the land, the court assumed that the purchaser's possession was adverse to those claiming under the trust deed"; and held that it was decided in that· case that the makers of the prior trust deed, after having parted with their interest in the land, could not by subsequent payments continue the lien of the prior mortgage debt against the subsequent purchasers who were holding adversely.

It will thus be seen that prior to the enactment of said section 5399 of Kirby's Digest this court had held that the fact that the debt secured by a mortgage on land was barred by the statute of limitations did not bar an action for the foreclosure of the mortgage which secured the same, either against the mortgagor or against subsequent purchasers and mortgagees, and that continuous adverse possession for a period of seven years could alone bar such action.

In 1889 the Legislature enacted the statute of limitation relative to the foreclosure of mortgages, which is section 5399 of Kirby's Digest, and reads as follows: "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability, for the security of which they were given. Provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debt or to extend the operation of the statute of limitation with reference thereto, so far as the same

affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment, with date thereof, on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk."

The effect of this enactment on the prior ruling of this court was simply to make effective as a bar to the action for the foreclosure of mortgages the statute of limitation which was applicable to the debt secured thereby. By virtue of this statute, when the debt which is secured by the mortgage is barred by the statute of limitation which is applicable to such debt, then the action to foreclose the mortgage is barred. But under this statute the mortgage is not barred until the debt which it secured is barred. A partial payment or acknowledgment of the debt which will prevent the statute of limitation from running against the debt will, as against the mortgagor, prevent the statute of limitation from running against the foreclosure of the mortgage securing it. When such partial payment is made before the debt is barred by the statute of limitation, and the memorandum thereof is indorsed on the record of the mortgage as prescribed by the statute, then this will also prevent the statute of limitation from running against the mortgage as to all parties, and will continue the lien of the mortgage as against the rights of all third persons. If the requirements of the above statute are complied with by the prior mortgagee, trustee or beneficiary, the subsequent purchasers or mortgagees cannot be misled or injured by the continuation of the debt and prior mortgage by subsequent payments. The recorded mortgage notifies such subsequent vendees or mortgagees of such prior mortgage and that they take subject thereto. Subsequent payments made from time to time in the usual course of business are to be expected, and the record of such subsequent payments will inform such subsequent vendee or mortgagee when they can presume that entire payment has been made on the prior mortgage by reason of the lapse of time.

We conclude, therefore, that where indorsements of payments are made upon the record of the mortgage or deed of trust in compliance with the provisions of said section 5399 of

Kirby's Digest, an action for the foreclosure of such mortgage will not be barred, either as against the mortgagor or any third person, until the debt secured by said mortgage is barred by the statute of limitation which is applicable thereto, and that partial payments so made and indorsed on the record of such mortgage will continue the lien of such mortgage as against the rights of all third parties if made and indorsed before the debt is barred by the statute of limitations.

It follows that the decree of the lower court is correct, and same will be affirmed.