MERCHANTS' & PLANTERS' BANK *v.* CITIZENS' BANK OF
GRADY.

Opinion delivered November 21, 1927.

1. MORTGAGES—LIMITATION OF ACTIONS.—Where a debt secured by a mortgage is apparently barred by limitation, and no payment is indorsed on the margin of the record, it constitutes no lien upon the mortgaged property as against a third party.

2. ESTOPPEL—PRINCIPLE OF EQUITABLE ESTOPPEL.—When a man has deliberately done an act or said a thing, and another who had a right to do so has relied on such act or word, and will be injured if the former can repudiate the act or recall the word, he will not be permitted to do so.

3. MORTGAGES—WHEN JUNIOR MORTGAGEE ESTOPPED.—Where a first mortgagee and a second mortgagee agreed to extend their mortgages with the understanding that the first mortgage had priority, the second mortgagee was estopped thereafter to assert that its mortgage had secured priority on the ground that the first mortgage had on the record apparently become barred by limitation, since the first mortgagee might have foreclosed its mortgage or have caused the mortgagor to make a small payment and indorsed it on the margin of the record, thereby preserving priority of its mortgage.

4. MORTGAGES—PAROL AGREEMENT AS TO PRIORITY.—A parol agreement between a first mortgagee and a second mortgagee that their mortgages should be extended, made with the understanding that the first mortgage had priority, *held* valid, precluding the assertion by the second mortgagee that its mortgage secured priority, under Crawford & Moses' Dig., § 7382.

Appeal from Lincoln Chancery Court; *H. R. Lucas,* Chancellor; affirmed.

*Bridges & McGaughey,* for appellant.

*A. J. Johnson,* for appellee.

HART, C. J. Appellant and appellee each sought to foreclose a mortgage on the same land, and this appeal only involves the question of priority of liens.

Appellant first seeks a reversal of the decree holding that appellee had a prior lien on the land, on the ground that appellee's mortgage is barred because there was no compliance by it with the provisions of § 5399 of Kirby's Digest, now § 7382 of Crawford & Moses' Digest.

In construing this statute, in *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278, 124 Am. St. Rep. 78, the court said:

"The effect of that statute, as to strangers to the transaction, is that, when the debt secured by a mortgage is apparently barred by limitation, and no payment which would stay the limitation is indorsed on the margin of the record of the mortgage, it becomes, as to third parties, an unrecorded mortgage; and, like an unrecorded mortgage, it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage."

The record shows that the section was not complied with, and appellant would be entitled to a reversal of the decree, unless it is barred of relief on the ground of equitable estoppel under the facts presented by the record. On the part of appellee it is sought to uphold the decree on the ground that appellant recognized that appellee's mortgage was a paramount lien on the land, and induced appellee to renew its mortgage with the understanding that it had a prior lien.

The principle of equitable estoppel was recognized at an early day by this court, and has been followed ever since, being applied according to the varying facts of each particular case. In *Trapnall* v. *Burton,* 24 Ark. 371, in a learned opinion prepared by Albert Pike, the court said:

"A man is estopped when he has done some act which the policy of the law, or good faith, will not permit him to gainsay or deny; and when the principle of estoppel is understood, and unwise legislation or decision does not push the doctrine beyond reasonable limits, it is one of the wisest and most just and righteous doctrines of the law. The whole principle of equitable estoppel is that, when a man has deliberately done an act or said a thing, and another person, who had a right to do so, has relied on that act or word, and shaped his conduct accordingly, and will be injured if the former can repudiate the

act or recall the word, it shall not be done; but, of whatever things the act was evidence, in the nature of things, and on ordinary principles, it shall be taken to be conclusive evidence; and what was said, the party shall not deny to have been true.''

Among the later decisions of this court adhering to the rule, we cite the following: *Brownfield* v. *Bookout,* 147 Ark. 555, 228 S. W. 51; *Ferguson* v. *Guidon,* 148 Ark. 295, 230 S. W. 260; *Pettit-Galloway Co.* v. *Womack,* 167 Ark. 356, 268 S. W. 353; *Baker-Matthews Lumber Co.* v. *Bank of Lepanto,* 170 Ark. 1146, 282 S. W. 995; and we call attention to the case of *Scott* v. *Orbison,* 21 Ark. 202.

On this branch of the case the evidence is in direct and irreconcilable conflict. On the one hand, the cashier of the bank of appellee testified in unequivocal terms that appellee renewed its mortgage and took a new note for its debt and kept the old note, pursuant to an understanding between it and appellant that its mortgage was superior to that of appellant. Appellee first wrote to appellant that Hutchinson wanted to renew his mortgage, and that appellee wished to comply with his request if appellant would renew its mortgage. The letter from appellant to appellee in reply reads as follows:

''Dear sirs: Dr. Hutchinson was in this morning, and has arranged with us to extend his paper until fall. We are glad to accommodate him, and trust it will be agreeable for you to do the same.''

According to the testimony of the president of the bank of appellee, there was an agreement between Dr. Hutchinson, the cashier of the bank of appellant, and himself, that appellant would renew its mortgage if appellee would do likewise. It was recognized between the parties that appellee had a first mortgage on the land, and it is inferable from the testimony of this witness that the renewal of both mortgages was to the advantage of all parties concerned and that there was no dispute between them at that time as to the priority of mortgages. Appellant expressly recognized that appellee had a prior mortgage, and the record reflects this to be the fact at that

time. Dr. Hutchinson corroborated in every respect the testimony of the president of the bank of appellee with regard to the renewal of the mortgages, except that he stated that his recollection was that the agreement for the renewal of the mortgages was made with the president of the bank of appellant, instead of with the cashier, as testified to by the president of the bank of appellee. He expressly testified that appellant considered that it held a second mortgage on the land, and the renewal was made with that understanding between all the parties. At the time Dr. Hutchinson gave his mortgage to appellant, he submitted to the president of the bank an abstract showing that appellee had a first mortgage on the land, and the amount thereof.

On the part of appellant, the president of its bank testified that he wrote the mortgage for his bank, and that it was the custom to write in a mortgage that it was subject to a prior mortgage if such was the case, and that he would have done so in this case if he had known that appellee had a prior mortgage. He denied in positive terms that there was an agreement or understanding between the parties that appellee had a prior mortgage at the time the renewal mortgage in question was executed. The cashier at the time of the original transaction of the bank of appellant and his successor were both witnesses for appellant. They denied that they had made any agreement with appellee in regard to the renewal of the mortgages. They admitted, however, that the transaction was had with the president of the bank of appellant.

After carefully considering the evidence and accompanying circumstances as shown by the record, we are of the opinion that the doctrine of equitable estoppel applies in this case, and that the chancellor was correct in so holding. There is no question but that appellee had a prior lien at the time the last renewals were had, and it might have foreclosed its mortgage, or have caused Dr. Hutchinson to make a small payment and have indorsed it on the margin of the record, if it had not

understood that appellant agreed to the renewals with the understanding that appellee had a prior mortgage. Thus it will be seen that appellee was induced to act to its disadvantage by its agreement with appellant, and it would be inequitable to allow appellant to take advantage of its own conduct and thereby defeat appellee in the assertion of a right that existed at the time the renewal agreements were made.

Then, too, the agreement between the parties at the time the renewal mortgages were taken gives appellee the prior lien. In *McFaddin* v. *Bell,* 168 Ark. 826, 272 S. W. 62, it was held that recitals in a mortgage that it is taken subject to all mortgages against it on record, amounts to a recognition by the mortgagee that such mortgages as were on record were prior valid liens on the land, and preclude the mortgagee from pleading the statute of limitation. But it is insisted by counsel for appellant that this principle does not apply here, because the agreement, if made, was not written in the mortgage of appellant, and, being verbal only, the rule did not apply. On this point Judge Jones, in his treatise on mortgages, says that parties may, as between themselves, make a valid agreement, though it be verbal only, that one of two mortgages shall be prior to the other; and many cases from courts of last resort in various States are cited in support of the text. Jones on Mortgages, 7th ed. vol. 1, § 608.

The result of our views is that the decree of the chancery court was correct, and it will therefore be affirmed.