CONNELLY v. HOFFMAN.

Opinion delivered October 26, 1931.

*E. R. Parham,* for appellant.

*Robert Bailey* and *John G. Rye,* for appellees.

McHANEY, J. On March 31, 1922, appellees, Huggler and wife, executed and delivered to appellant two promissory notes for $500 each, one due April 1, 1923, and one due April 1, 1924, with interest at 8 per cent. per annum until paid, payable annually, and if not paid when due, to become a part of the principal and bear interest at the same rate. On the same date they also executed and delivered to appellant their mortgage on certain real estate in the city of Russellville, constituting their homestead, to secure the payment of said notes, in which dower and homestead rights of the wife were released. This mortgage recited that it was subject to a prior mortgage not here involved. No part of this indebtedness has ever been paid. Thereafter, on July 15, 1927, before the statute bar attached on either of said notes, Huggler and wife, being indebted to R. B. and Mary H. Wilson, executed and delivered to them their note secured by mortgage on the same property for $1,750, at 10 per cent., due one year after date, which mortgage recited that it was subject to the same mortgage mentioned in that of appellant, but made no mention of appellant's mortgage in any way. This mortgage was thereafter assigned to appellee, Hoffman, and, it being in default, Hoffman brought this suit to foreclose on February 28, 1930, making appellant, and Huggler and wife, defendants. He alleged that appellant's mortgage was barred by the five-year statute of limitations, and that his lien was subject only to that mentioned in his mortgage. Appellant filed an answer and cross-complaint in which he alleged that Huggler, although having made him no payments, had acknowledged in writing his indebtedness, and had agreed to pay same within five years. He prayed for judgment against

the Hugglers, for a foreclosure and sale of the property. Hugglers separately answered, pleaded the statute as a bar to appellant's action, and denied they had agreed in writing to pay the debt within five years.

The court granted the prayer of appellee Hoffman's complaint and dismissed appellant's cross-complaint for want of equity.

The first question for determination is the priority of mortgages as between appellant and Hoffman. It will be seen from the foregoing statement of facts that appellant's mortgage was prior in point of time and was a valid, subsisting lien at the time Hoffman's mortgage was executed. Both mortgages were promptly recorded after execution and delivery, that of appellant on April 5, 1922, and that of Hoffman on July 26, 1927. On April 1, 1929, five years after the due date of the second note held by appellant, his mortgage was, so far as the record disclosed, barred by the statute of limitations, as no indorsement appeared on the margin of the record showing any payment on the indebtedness, as required by § 7408, Crawford & Moses' Digest, or any agreement for the extension of the date of maturity, as required by § 7382, Crawford & Moses' Digest, prior to the filing of this suit in February, 1930. The former section has no application to the facts in this case, as it is conceded that no payment was ever made on appellant's mortgage debt. The latter section provides: "No agreement for the extension of the date of maturity of the whole or any part of any debt or note secured by mortgage, deed of trust, or vendor's lien, or for the renewal thereof, whether made in writing or otherwise, and no written or oral acknowledgment of indebtedness thereon shall, so far as the same affects the rights of third parties, operate to revive said debts or extend the operation of the statute of limitations with reference thereto unless a memorandum showing such extension or renewal is indorsed on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk."

On August 26, 1930, about six months after this suit was filed, appellant caused the following indorsement to be placed on the margin of the record: ·"The time for payment of the notes secured by this mortgage was extended to the month of November, and the acknowledgment of the indebtedness made in. a written request of Peter Huggler, Jr., dated June 10, 1927, and the indebtedness was acknowledged in writing and promise of payment made by Peter Huggler, Jr., on the 30th day of October, 1929. P. F. Connelly, by E. R. Parham, Attorney." The facts stated in the above indorsement are based on the following: Appellant's attorney made written demand on Peter Huggler for the payment of said debt on June 4, 1927, to which Huggler replied on June 10, 1927. "In regard to these notes that I owe Mr. P. F. Connelly. This comes just at a time when I am about to recover from financial reverses and at a time when I had a large tax to meet. If this foreclosure could be held off until fall, I will make all efforts to pay the interest in about sixty days; and the notes by November. Trusting this will meet Mr. Connelly's approval. Yours truly, Peter Huggler."

The attorney replied under date of June 18, 1927, agreeing to the extension until fall if the interest was paid in sixty days, but insisted that one-half the interest be paid in thirty days. Again on August 11, 1927, Huggler wrote said attorney, in answer to his letter of the 9th, that he had been unable to meet his promise, offered some shares of stock as collateral, and some steel forms for concrete, and begging additional time. We think the necessary effect of these letters was an acknowledgment of the debt and a promise to pay same, and that there was an agreement to extend the time of payment to the fall of 1927. But the agreement to extend was not indorsed on the margin of the record before the statutory bar as required by said § 7382, and as to third persons on April 1, 1929, it became in effect an unrecorded mortgage.

In *Morgan* v. *Kendrick*, 91 Ark. 394, 121 S. W. 278, construing § 5399 of Kirby's Digest, now § 7408, Craw-

ford & Moses' Digest, including the amendment by act May 10, 1911, providing that payments made on mortgage indebtedness must be indorsed on the margin of the record before the bar of the statute, else the rights of third parties will not be affected, it was said: "The effect of that statute, as to strangers to the transaction, is that when the debt secured by a mortgage is apparently barred by limitation, and no payments which would stay the limitation are indorsed on the margin of the record of the mortgage, it becomes as to third parties an unrecorded mortgage; and, like an unrecorded mortgage, it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage." Citing a number of cases. This case was cited in *Wells* v. *Farmers' Bank & Trust Co.*, 181 Ark. 950, 28 S. W. (2d) 1059, and it was there inadvertently stated that the court construed § 7382 in *Morgan* v. *Kendrick*. It was what is now § 7408, Crawford & Moses' Digest, that was there construed, as § 7382 was not enacted until March 24, 1917. The same rule, however, was applied in the Wells case. There the intervener's mortgage (Wells) was barred when the bank took its mortgage, whereas, in this case appellant's mortgage was not barred when the Hoffman mortgage was taken. Does this fact make any difference? Appellant contends that it does—that Hoffman and Wilson had at least constructive notice of his mortgage, and that, having taken a mortgage at a time his was a valid, subsisting lien and after the mortgagor, Huggler, had acknowledged the debt in writing, and an agreement had been made for extension, it continued thereafter to be a valid lien, prior and paramount to the lien of Hoffman's mortgage, without regard to § 7382 of the Digest. We cannot agree. An acknowledgment of the past-due debt and agreement to pay by the mortgagor, either before or after the statutory bar, constitutes a new point from which the statute begins to run as between the parties, just as a payment made upon the debt does, but unless the agreement for extension or the payment is indorsed

on the margin of the record it cannot affect third parties who have not in some manner recognized the validity of the prior mortgage. We have many cases holding that the subsequent mortgagee is estopped by the recitals of his mortgage to plead the statute or question the validity of the prior mortgage, an extreme case, by a divided court, being *McFaddin* v. *Bell,* 168 Ark. 826, 272 S. W. 62. See also cases there cited. Or estoppel may arise by agreement between the mortgagees as in *Merchants' & Planters' Bank* v. *Citizens' Bank of Grady,* 175 Ark. 417, 299 S. W. 753, where the court made the same incorrect reference to the statute construed in *Morgan* v. *Kendrick, supra.* There is and can be no estoppel by merely taking a mortgage at a time when there is a valid mortgage of record ahead of it, nor does a positive recital in such mortgage that it is made "subject to incumbrances against the property" estop such mortgagee from pleading the statute. *McFaddin* v. *Bell, supra.* It was there said that "nothing short of a certain and definite reference to the particular incumbrance will evidence an intention to recognize it." The decision of this court in *Wadley* v. *Ward,* 99 Ark. 212, 137 S. W. 808, cited by appellant, is not contrary to the principles announced in this and other later cases. Hoffman was therefore a third party, within the meaning of the statute, and was not estopped to plead the statute in bar of the action as against his mortgage.

We are of the opinion, however, that the court erred in dismissing the cross-complaint as against Huggler. The above letters constituted an express acknowledgment of the debt and a new promise to pay prior to the statutory bar, creating a new point from which the statute began to run. The debt as to him was not barred, and is not now, nor is the mortgage securing it. It is true that Mrs. Huggler did not ask for a renewal of the indebtedness, nor is a personal judgment asked against her. She signed her husband's mortgage releasing her dower and homestead rights, and this release continues under

his valid and subsisting mortgage, securing a valid, subsisting debt.

The decree will therefore be affirmed as to appellee, Hoffman. As to appellees, Huggler and wife, it will be reversed and remanded with directions to enter judgment against appellee, Peter Huggler, for the amount of the notes and interest according to their terms, and to decree a foreclosure of appellant's mortgage on his cross-complaint, making it subject to the first mortgage mentioned therein, and also subject to Hoffman's mortgage, as above stated. It is so ordered.