Buckner State Bank *v.* Stager.

4-4991

Opinion delivered April 11, 1938.

*Joe L. Davis,* for appellant.
*McKay & McKay,* for appellee.

SMITH, J.   On January 1, 1925, E. McMorella executed a mortgage to the Security Mortgage Company, securing an indebtedness of $2,000 due January 1, 1930. This mortgage was duly assigned to Kathryn Wilkinson, whose executor brought this suit to foreclose it.   No part of said indebtedness was paid except a payment of $100 on November 4, 1933, and another payment of the same amount on August 14, 1934.   These payments were not indorsed on the margin of the record where the mortgage was recorded.

On December 2, 1929, E. McMorella executed another mortgage on the same land to the Buckner State Bank, which was duly recorded.   The indebtedness there secured not having been paid when due a decree of foreclosure was obtained, pursuant to which the land was conveyed on July 25, 1935, to the bank, the purchaser at the foreclosure sale.   The owners of the first mortgage were not made parties to this suit.

On April 7, 1937, Stager, who was the executor of Mrs. Wilkinson's estate, filed suit to foreclose the mortgage first above mentioned.   The bank, which had purchased at its foreclosure sale as above stated, was made a party defendant, and it was prayed that the bank's lien be declared subordinate.

The bank filed an answer denying that the two payments of $100 each, or either of them, had been made, and alleged that if made they had not been indorsed upon the margin of the record. The bank alleged that the lien of the first mortgage had then expired as against it, for the reason that it was a third party within the meaning of § 9465, Pope's Digest. It was later stipulated, however, that these payments had been made.

Whether the bank is a third party within the meaning of that section, we think the controlling question in the case. The court below held that the bank was not a third party, and that its purchase at its own sale was subject to the prior mortgage, and from a decree awarding priority to the older mortgage is this appeal.

The case of *Citizens Bank & Trust Co.* v. *Garrott,* 192 Ark. 599, 93 S. W. 2d 319, and *Pate* v. *Peace,* 182 Ark. 618, 32 S. W. 2d 621, are cited and relied upon to support the decree of the court below.

In the case first mentioned the facts were that the Citizens Bank foreclosed a deed of trust given it by Scott and wife. The property did not sell for enough to pay the debt at the foreclosure sale, and there was a deficiency judgment, upon which an execution was issued. The execution was levied upon lands not included in the mortgage to the bank which had been previously mortgaged to Garrott. Payments had been made on the debt secured by the Garrott mortgage, which kept it alive between the mortgagor and mortgagee, but these payments had not been indorsed upon the margin of the mortgage record, and so far as the record disclosed the debt to Garrott was barred by the statute of limitations when the execution was levied and the property sold thereunder. It was held that the rule of *caveat emptor* applied against the purchaser at the execution sale, and that the purchaser took subject to the Garrott mortgage, inasmuch as the payments made Garrott had kept the lien alive as between the parties to the mortgage, although these payments had not been indorsed upon the margin of the mortgage record. In other words, only the equity of redemption was sold at the execution sale.

In the case of *Pate* v. *Peace, supra,* the facts were that the owners of a tract of land mortgaged it to Milner, who assigned the mortgage to a petroleum company, which company brought suit to foreclose the mortgage assigned it. Pending this suit the mortgage was assigned to Neely, who was substituted as a plaintiff and, pending this suit, the original owner sold the timber on the mortgaged land to Peace, who received a timber deed which was duly recorded. The consideration for the timber deed was paid Neely and credited on the mortgage. A decree of foreclosure of the mortgage was rendered, pursuant to which the land was sold to Tate, who assigned his certificate of purchase to Pate. Upon confirmation of the sale the commissioner executed his deed to Pate, who cut and removed the timber. Pate's attorney had examined the record before Pate purchased the certificate of purchase from Tate, and found the timber deed of record and was advised that the timber had been sold. In a suit by Peace, who, as stated, had purchased the timber from the mortgagor, a verdict in his favor was directed against Pate. For the reversal of that judgment Pate insisted that since the mortgage under which his assignor had purchased at the foreclosure sale was of record prior to the record of the timber deed he had a right to rely upon the record, which did not show the release of the timber from the mortgage.

It was held that Pate was wrong in his contentions for several reasons, but the decision was put upon the ground that the sale at which Pate's assignor had purchased was a judicial sale and that the rule *caveat emptor* applied. It was there held that Pate, as the assignee of the purchaser at the foreclosure sale, was not entitled to the timber previously sold to a third person by the mortgagor with the mortgagee's consent, for the reason (stated in the second headnote to that case) that "A *bona fide* purchaser of land at a judicial sale takes merely the interest in the property which the parties had and should have asserted, subject to all infirmities and equities then attached to the estate."

The controlling principle in both those cases was that as the rule *caveat emptor* applied to each sale the purchaser bought only the interest then owned by the debtor at the time of the sale.

There is, however, a difference between those cases and the instant case which will presently be adverted to, which we think distinguishes the instant case from those cases, and that the instant case is controlled by the opinion in the case of *Connelly v. Hoffman*, 184 Ark. 497, 42 S. W. 2d 985. In the case last mentioned the controlling facts are identical with the instant case.

In this Connelly case, *supra*, a subsequent mortgage, was taken while the debt secured by the prior mortgage was not barred by the statute of limitations, but it was held that this fact did not prevent the running of the statute of limitations against the prior mortgage in favor of the subsequent mortgage, ('although an agreement for the extension of the prior mortgage between the parties thereto had kept it alive as between themselves), for the reason that the extension agreement was not indorsed upon the margin of the record where the first mortgage was recorded as required by § 9465, Pope's Digest. In that case there was no reference to or recognition of the prior mortgage, and in that respect the case is distinguishable from the recent case of *Webb v. Alexander, ante*, p. 727, 113 S. W. 2d 1095.

In the instant case, as in the Connelly case, *supra*, the mortgagor had mortgaged his entire estate, and neither mortgage referred to or was made subject to the prior mortgage. It is true here, as it was in the Connelly case, that the mortgage, when taken, was, in fact, subject to the prior mortgage which had been duly recorded and was not barred. The Connelly case expressly decided that the second mortgagee was a third party within the meaning of § 9465, Pope's Digest.

The record in the instant case does not disclose the date of the decree foreclosing the mortgage to appellant bank, but it is stipulated that the land was sold to the bank on July 25, 1935, which was more than six months after appellee's mortgage was apparently barred by the

face of the mortgage record, neither of the one-hundred-dollar payments having been indorsed thereon.

The mortgage to the appellant bank conveyed the entire estate of McMorella. Of course, that conveyance was subject to appellee's prior mortgage, and continued to be so long as the lien thereof was kept alive, which could and should have been done by indorsing the payments on the margin of the mortgage record, but this had not been done and the lien thereof had expired as against the appellant bank when the bank bought at its own foreclosure sale, if § 9465, Pope's Digest, applies. That it does apply is the point expressly decided in the Connelly case, *supra*. See, also, *Wadley* v. *Ward*, 99 Ark. 212, 137 S. W. 808; *Bank of Mulberry* v. *Sprague*, 185 Ark. 410, 47 S. W. 2d 601.

By this § 9465, Pope's Digest, it is provided that in suits to foreclose mortgages, deeds of trust and vendor's liens, it shall be a sufficient defense that suits were not brought within the period of limitations applicable to the debt secured, provided that if payments are made before the debt is barred by the statute of limitations, such payments shall not revive the debt or extend the statute of limitations so far as the same affects the rights of judgment lien holders and judgment creditors and third parties unless, prior to the expiration of the period of the statute of limitations, a memorandum of such payment, with the date thereof, is indorsed on the margin of the record where the instrument is recorded, which indorsement must be attested by the clerk and recorder.

Here, the mortgage which appellee sought to foreclose secured a debt due January 1, 1930, which, without a payment thereon, would be barred after January 1, 1935, and while such payments were made they were not indorsed upon the margin of the mortgage record as required by § 9465, Pope's Digest, and the bank, being a third party as held in the Connelly case, should be adjudged to be the owner of a prior lien.

The decree of the court must be reversed with the direction to render judgment for the debt due appellee and to order foreclosure of the mortgage which secures

it as the junior lien. Since appellant, in foreclosing its mortgage, failed to make appellee a party, it failed to foreclose appellee's interest in the property, which is only the equity of redemption from the former sale, which right should be exercised by the purchaser at the sale herein ordered within a reasonable time to be fixed by the court. *Harrison* v. *Bank of Fordyce*, 178 Ark. 760, 12 S. W. 2d 400.

HUMPHREYS and MEHAFFY, JJ., dissent.