BENJAMIN BARRETT, ADM'R, *v.* MARY PRENTISS ET AL.

[In Chancery.]

*Mortgage. Record. Index. Statute of Limitations.* R. L. ss. 2679, 2680.

1.  RECORD. INDEX. An index is not necessary to the validity of the record of a mortgage; thus, the mortgage in question was recorded, but no index was made; a subsequent mortgage was executed, and assigned to the defendant, who purchased without notice; *Held,* that the first mortgage was superior to the second and could be foreclosed.

2.  STATUTE OF LIMITATIONS. Payment by the mortgagor after he had sold and quit possession, rebuts the presumption of payment arising from lapse of time, not only as to him, but *his grantees* affected with constructive notice of the mortgage.

FORECLOSURE of mortgage. Heard on bill, answer, and a master's report, March Term, 1884, Washington County, POWERS, Chancellor. Decree of foreclosure.

The master reported that Austin G. Prentiss, on the second day of April, 1860, executed the mortgage in question to secure three $200 notes, the last of which was payable April 1, 1864; that on said April 2, 1860, the orator's intestate became the owner of the mortgage ; that said

Holden held the mortgage and notes during his life, and that he died in 1879, when they came into the possession of the orator as administrator ; that the interest was paid by said Prentiss on the notes up to April 1, 1870, and nothing since ; that on the 27th day of April, 1866, said Prentiss conveyed said premises to A. J. Tubbs, and that said Tubbs, being ignorant of said mortgage, executed a mortgage back to Prentiss to secure certain notes, given for the purchase money, which mortgage and notes are now owned by the defendant, Kelton ; and that on the 25th day of March, 1871, said Tubbs conveyed a portion of said premises to Hiram Hathaway.

The master found :

" It was conceded on trial, and I find, that the defendant, Kelton, took said notes and mortgage without notice in fact of the prior mortgage of the orator's intestate, and, that at the time he took them, the said mortgage of your orator's intestate was recorded but not indexed in the land records of said town. And it is also conceded, and I find, that when the said Hiram Hathaway took his warranty deed, and prior to his taking the same of the said Tubbs, but during the negotiation therefor, the said Hathaway made diligent search of the records by their indexes, but found no trace of the mortgage now sought to be foreclosed; and that there was no index of said mortgage in the land records of said Moretown. But I find that the said Johnson and Holden left said mortgage deed for record on the date of its execution and delivery with the town clerk of Moretown, at the town clerk's office in said town. " * * *

" The mortgage * * * is recorded in book 10, page 616, of the land records of said Moretown. The certificate of the town clerk shows that it was received for record April 2, 1860, at 6 P. M., and in this corresponds with the filing on · the deed itself. It is, in fact, the last deed recorded in book 10, and it is on the last page which is numbered of the book. The deed recorded on page 615 of the same book is certified by the town clerk to have been received for record April 30, 1860, at 9 o'clock P. M. The deed on page 614 of the same is certified by the town clerk to have been received for record August 15, 1860." * * * " That as late as 1876 the rec-

ords of Moretown did not show by their index this mortgage deed;" that the town clerk "denied to A. J. Tubbs that such a mortgage existed, and that it was at last discovered in the fall of 1876 by the said Tubbs, after careful searching, leaf by leaf, of books 10 and 11, and that the said mortgage is now indexed. "

*T. J. Deavitt,* for the defendants.

The mortgage was not recorded as the law requires. Both the mortgagee and town clerk are dead; and there is nothing to show that any direction was given to record the mortgage, or not to. *Curtis* v. *Lyman,* 24 Vt. 338, was made under an entirely different statute from the one in force when this mortgage was recorded. R. L. s. 2680; Act of 1858. The town clerk was required to keep an index to the record. R. L. ss. 2679–80. These requirements must be substantially complied with to affect subsequent purchasers with constructive notice. *Yerger* v. *Barz,* 56 Iowa, 80; *Potter* v. *Dooley,* 55 Vt. 512; *Barney* v. *McCarty,* 15 Iowa, 521; *Sawyer* v. *Adams,* 8 Vt. 172; *Lambert* v. *Culbertson,* 59 Wis. 433; *Speer* v. *Evans,* 47 Pa. St. 144; *Schell* v. *Stein,* 76 Pa. St. 398; *Parsons* v. *Lent,* 34 N. J. Eq. 70; The payment made by Prentiss of the interest in 1870, would not keep the mortgage alive against the defendants. *Wood* v. *Goodfellow,* 43 Cal. 185; 2 Jones Mort. s. 1198.

*W. P. Dillingham,* for the orator.

The index is no part of the record. The fact that the record was not indexed does not affect the orator's right. *Curtis* v. *Lyman,* 24 Vt. 339; 29 Vt. 324. The payment by Prentiss kept alive the mortgage, not only against him, but all persons interested in the equity of redemption: *Martin* v. *Bowker,* 19 Vt. 527; *Hough* v. *Bailey,* 32 Conn. 288; *Bacon* v. *McIntyre,* 8 Met. 87; 2 Jones Mort. s. 1198; *Rodman* v. *Morley,* 1 DeG. and J. 1; L. R. 12 Eq. 41, 54.

The opinion of the court was delivered by

TAFT, J. There are two questions made in this case.

I. Was the deed in question duly recorded? It was spread upon the records, but not indexed. Does the fact that it was not indexed render the record invalid? We think not. This was so decided in *Curtis* v. *Lyman*, 24 Vt. 338; and the rule there laid down is not affected by the statute, passed since that decision, requiring a general index to be kept by the town clerk.

The recording of two deeds of a later date on the preceding pages, was not such an irregularity as to render the record null. Such instances undoubtedly often occur ; a recorder may turn over two leaves at once and have a deed recorded before he discovers the error, and then fills the intervening pages with deeds of a later date, or he may have several unrecorded deeds, and a deed of the latest date being called for he records that one first and the deed of the earliest date afterwards. Had the deed in question been recorded on page 614 instead of 616, there is no probability that such fact would have aided in its discovery. The deed was duly recorded.

II. Was the claim barred by lapse of time ? The payment was made by Prentiss, the maker of the mortgage and notes, after he had sold and quit possession of the premises. He was liable upon the notes as maker ; and a payment made by him, we hold, would rebut the presumption that the mortgage debt had been paid, not only as to him, but as to all who were grantees under him, they having taken their interest with constructive notice of the mortgage. *Hughes* v. *Edwards*, 9 Wheat. 489.

Decree affirmed and cause remanded.