## MULLINS *v.* WILCOX.

### Opinion delivered May, 8, 1916.

MORTGAGES—LIMITATIONS—WRITTEN AGREEMENT FOR EXTENSION—ENDORSEMENT ON RECORD.—The failure to make endorsements of payments upon a mortgage upon the margin of the record, under Kirby's Digest, § 5399, does not operate to defeat the mortgage, where it has been kept alive by a subsequent written agreement. (*Austin v. Steele,* 68 Ark. 348.)

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Rice & Dickson,* for appellants.

1. The Chrane mortgage is a first and prior lien. Appellees' lien is barred by Kirby's Digest, § 5399. 68 Ark. 348. An unrecorded extension agreement could not keep appellee's mortgage lien alive against strangers. 45 S. W. 980; 64 Ark. 317; 42 S. W. 408.

The appellees *pro sese.*

1. The statute of limitations did not bar appellees' mortgage lien because (1) the note was kept alive by written extension to June 1, 1912, and (2) all the transfers were made subject to appellees' mortgage. Kirby's Digest, § 5399; 68 Ark. 348; 92 *Id.* 522; 123 S. W. 646.

2. The renewal agreement was sufficient to keep the mortgage alive. 2 Pingrey on Mortgages, 1418, § 1570; 108 U. S. 146; Kirby's Digest, § 146; 92 Ark. 522; 68 *Id.* 348.

SMITH, J. Appellant purchased a tract of land on April 29, 1912, without actual knowledge of a mortgage thereon which had been executed by her grantor. This mortgage was executed May 1, 1902, to secure the payment of a note due May 1, 1907. This mortgage had been duly recorded, but no payments of any kind were noted on the margin of the record, nor were there other marginal endorsements to indicate that any agreement had been made extending the time of payment of the debt there secured. An agreement in writing was made, however, between the mortgagor and mortgagee whereby the

time of payment was extended for five years or to May 1, 1912, but, as has been said, there was no marginal notation to indicate the existence of such agreement.

Appellant says, therefore, that the lien of this mortgage is barred under the provisions of Section 5399 of Kirby's Digest. A similar contention was made in the case of *Austin* v. *Steele,* 68 Ark. 348, and (we quote the syllabus) it was there said:

"The statute providing that payments on a mortgage debt shall not operate to revive the debt, so far as the rights of third parties are affected, unless the mortgagee 'shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded' (Sand. & H. Dig., § 5094, Kirby's Digest, § 5399) does not apply where the mortgage debt is kept alive by subsequent written agreement."

Appellants were not, therefore, entitled to have the mortgage canceled as prayed in their complaint, which was filed August 23, 1913, and the decree denying that relief is, therefore, affirmed.