## JOHNS *v.* ROLLISON.

### Opinion delivered February 13, 1922.

1. MORTGAGES—FAILURE TO ACKNOWLEDGE SATISFACTION—PENALTY.—Crawford & Moses' Dig., §§ 7395-6, requiring a mortgagee receiving full satisfaction, at the request of the person making satisfaction, to acknowledge same on the margin of the record, and imposing a penalty for failure to do so, penalizes the mortgagee receiving satisfaction for not satisfying the record upon the request of the mortgagor making satisfaction; the statute meaning interested parties, not mere volunteers.

2. MORTGAGES—FAILURE TO ACKNOWLEDGE SATISFACTION—AMOUNT OF PENALTY.—Under Crawford & Moses' Dig., § 7396, providing that a mortgagee receiving satisfaction and failing to acknowledge same shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, an award of $600 for a persistent refusal to satisfy a mortgage for $4,400 was not excessive.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*John L. Ingram,* for appellant.

The court erred in refusing to direct a verdict for appellant. The request for satisfaction cannot be made by one of two joint mortgagors alone. 27 Cyc. 1427.

The statute is penal and calls for strict construction. Jones on Mortgages, vol. II, 7th Ed. sec. 990. Not only were the mortgagors joint, but also the appellees. The suit should have been brought by both mortgagors. Jones on Mortgages, *supra.*

The mortgagor did not tender any fee for satisfaction of record. See Jones on Mortgages, *supra.*

The verdict is excessive. 82 Ark. 309.

*John W. Moncrief,* for appellee.

Appellant did not file any demurrer or pleading as to Rollison not being made a party to the suit, and it is now too late to raise that question. 78 S. W. 283; 122 Ark. 566; 89 Ark. 252.

The issue of the fee for satisfaction was not urged below, but, if so, appellant wavied it by promising to satisfy the mortgage. 56 Atl. 510; 90 Ark. 469; 94 Ark. 378.

The verdict is not excessive. Appellant wilfully refused to satisfy the mortage, and is therefore liable to appellee. 62 Ala. 302; 35 N. W. 284.

HUMPHREYS, J. This suit was instituted by appellee against appellant to recover the statutory penalty for failure to satisfy a mortgage of record within sixty days after the payment thereof and notice to appellee to appellant to satisfy same. The substance of the pleadings upon which the issues in the case were joined are briefly set out in appellant's abstract, and are as follows:

"Appellee filed his complaint in the circuit court of Arkansas County, Southern District, alleging that on April 9, 1919, he and one W. L. Rollison executed and delivered to appellant and one C. E. Corley a chattel mortgage to secure $4,400, which was recorded; that appellant and said Corley were partners; that appellee paid said indebtedness and requested appellant to satisfy said mortgage on the record; that appellee acquired, during the life of the mortgage, all of the rights of his co-mortgagor, W. L. Rollison, in the mortgaged property; that appellant failed to satisfy said mortgage for more than sixty days, and because thereof appellee is entitled to recover from appellant an amount equal to the mortgage money. He prayed for judgment in the sum of $4,400 and interest. Afterwards appellee filed an amendment to his complaint reducing the amount sued for from $4,400 to $2,900.

"Appellant answered and admitted that appellee and W. L. Rollison executed said mortgage to himself and C. E. Corley, and admitted that same was recorded; de-

nied that he ever refused to accept the full amount due on said mortgage; denied that appellee paid all money that said mortgage was given to secure; denied that appellee ever requested him to satisfy said mortgage of record; denied that he had any knowledge or information sufficient to form a belief as to whether or not appellee acquired all of the rights of W. L. Rollison in and to said mortgaged property, or as to whether or not appellee assumed all obligations of W. L. Rollison under said mortgage; denied that appellee is entitled to recover from him an amount equal to said mortgage money for failing to satisfy said mortgage.''

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $600. From that judgment an appeal has been duly prosecuted to this court.

Section 7395 and 7396 of Crawford & Moses' Digest were made the basis of the suit. These sections are as follows:

''7395. If any mortgagee, his executor, administrator or assignee, shall receive full satisfaction for the amount due on any mortgage, he shall, at the request of the person making satisfaction, acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded.

''7396. If any person thus receiving satisfaction do not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by civil action in any court of competent jurisdiction.''

The facts necessary to a determination of the material questions presented on this appeal are, in substance, as follows:

On the 9th day of April, 1919, N. J. Rollison, the appellee, jointly with W. L. Rollison, executed a chattel mortgage to Robert Johns and C. E. Corley to secure a

note to them of even date in the sum of $4,400 on a lot of personal property and their one-third interest in an undivided one-half interest in a certain rice crop then being grown. Subsequently appellee acquired, by purchase and written transfer, all the interest in the mortgaged property from W. L. Rollison and assumed the payment of the indebtedness. After purchasing the interest of W. L. Rollison, appellee entered into a contract with the mortgagees to the effect that he would expeditiously cut and thrash the crop of rice which was growing and remove the mortgaged property off of the place. In this contract it was recited that appellee had purchased the interest of W. L. Rollison. Pursuant to the agreement the crop was thrashed, and a large portion of it was sold by appellee and appellant, whereby the mortgage indebtedness was reduced to about $2,500. Appellee then deposited the money in the bank to pay the balance due the mortgagees. C. E. Corley was a resident of Illinois, and was absent from Arkansas. Appellee requested appellant to accept the money, which he refused to do. Appellee then had the cashier of the bank notify appellant that the money was in the bank to liquidate the mortgage indebtedness. Appellant ignored the notice. Appellee then advertised a sale of the mortgaged property so that it might be moved off of the place in accordance with the contract he had made with Robert Johns and C. E. Corley subsequent to the execution of the mortgage. On Sunday evening before the sale was to be made on Monday, appellant notified appellee not sell the property unless in the meantime the money was paid to him in currency. Thereupon appellee communicated with the bank by 'phone and directed it to send the money to his farm Monday morning. This was done, and after a settlement was reached between appellant and appellee in the presence of their respective attorneys, the balance due was paid to appellant in cash, and the mortgage and note marked paid and delivered to appellee. The evidence adduced by the appellee tended to show that a demand was then made upon appellant to satisfy the record, which

appellant promised to do; that appellant failed to satisfy same, and was requested by appellee at later date, through the medium of a letter, to do so; that the first demand to satisfy the record by appellee was made on the 9th day of February, 1920, and that the record had not. been satisfied on the day of the trial, July 7, 1921. The testimony adduced by appellant tended to show that no request or demand was made on appellant to satisfy the record. This issue of fact was submitted to and determined by the jury adversely to the contention of appellant.

Appellant's theory and contention is that under a proper construction of the statute, in order to subject him to a penalty for not satisfying the record, it was necessary that both mortgagors request or demand both mortgagees to satisfy the record. Appellant cites 27th Cyc. p. 1427, and § 990, 2nd Jones on Mortgages (7th Ed.) to support his contention that it was necessary for both mortgagors to make the demand or request to satisfy the mortgage of record. The text in each work is supported by the citation of Alabama cases, which were construing an Alabama statute, which was broad enough in its language to include all mortgagors and mortgagees. It will be observed in reading sections 7395 and 7396 of Crawford & Moses' Digest that the duty is imposed upon *any* mortgagee, his executor, administrator or assignee, who shall receive full satisfaction for the amount due on any mortgage to satisfy same of record if requested to do so by *the person* making satisfaction. In other words, our statute penalizes the ones receiving satisfaction for not satisfying the record upon the request of those making satisfaction. The statute, of course, means interested parties, not volunteers. The interpretation placed by us upon this statute is the result of a strict construction when the natural meaning is given to each word and paragraph contained in the statute.

Appellant insists that the verdict is excessive, and for that reason the judgment should be reversed. The statute provides for recovery in any amount not to ex-

ceed the amount of the mortgage indebtedness. The purpose of the statute was not only to award compensatory, but also exemplary, damages as a punishment against the mortgagee for refusal to comply with the request or demand of the mortgagor to satisfy the mortgage of record. A substantial recovery was intended. The mortgage, as recorded, showed a lien against the property for $4,400. The mortgagee, without excuse, persisted in his refusal to satisfy the record. The mortgagor being entitled to a substantial amount, it cannot be said that $600, under all the circumstances of the case, was exorbitant or excessive.

No error appearing, the judgment is affirmed.