BARNETT *v*. BANK OF MALVERN.

Opinion delivered March 26, 1928.

1. APPEAL AND ERROR—REVIEW OF ORDER DIRECTING VERDICT.—On review of the action of the circuit court in directing a verdict in defendant's favor, the testimony tending to support plaintiff's cause of action will be given its highest probative value.

2. MORTGAGES—PENALTY FOR FAILURE TO SATISFY MORTGAGE.—In a suit to recover the penalty under Crawford & Moses' Dig., § 7396, for a failure to enter satisfaction of a mortgage as provided by § 7395, it is no defense that the plaintiff had the intent to sue for the penalty at the time he made demand for satisfaction of the mortgage.

3. MORTGAGES—RIGHT TO DEMAND ENTRY OF SATISFACTION.—The purchaser of mortgaged property requesting that satisfaction of the mortgage be entered as provided by Crawford & Moses' Dig., § 7395, is an interested party and entitled to demand that the mortgagee enter satisfaction.

4. MORTGAGES—SETTLEMENT OF DEBT.—Where the assignee of a mortgagee accepted the sum tendered as full payment of the balance due on the mortgage, when the duty to satisfy the mortgage arose, the fact that the assignee voluntarily elected to accept in full payment a smaller sum than the amount actually due would be no defense in an action for damages for failure to enter satisfaction of the mortgage.

5. MORTGAGES—DEMAND FOR ENTRY OF SATISFACTION.—A demand to satisfy a mortgage as provided by Crawford & Moses' Dig., § 7395, either oral or written, is sufficient where it calls attention of the mortgagee to the fact that the indebtedness secured by the mortgage has been paid and requests that satisfaction of the mortgage be made.

6. MORTGAGES—ACKNOWLEDGMENT OF SATISFACTION.—In a suit under Crawford & Moses' Dig., § 7396, for failure to satisfy a mortgage as provided by § 7395, the fact that the attorney for the mortgagee indorsed upon a decree of the chancery court payment in

full of the indebtedness secured by the mortgage, *held* not to comply with the requirements of § 7395.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler,* Judge; reversed.

*Oscar Barnett,* for appellant.

*Glover, Glover & Glover,* for appellee.

SMITH, J. This appeal comes from a judgment in appellee's favor which was rendered upon a verdict which the court directed the jury to return. In testing the correctness of the action of the court in directing a verdict in appellee's favor we must give to the testimony tending to support appellant's cause of action its highest probative value, and the facts may therefore be stated as follows.

The suit was brought to recover damages under §§ 7395 and 7396, C. & M. Digest. These statutes read as follows:

"Section 7395. If any mortgagee, his executor, administrator or assignee shall receive full satisfaction for the amount due on any mortgage, he shall, at the request of the person making satisfaction, acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded.

"Section 7396. If any person thus receiving satisfaction do not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by civil action in any court of competent jurisdiction."

Appellant alleged and offered testimony tending to show that, immediately after the affirmance of the decree of the Hot Spring Chancery Court in the case of *Barnett* v. *Bank of Malvern* (an unreported case), he applied to the cashier of the bank to pay the indebtedness secured by the mortgage, which we held in that case to be an outstanding lien on the land, which appellant had purchased subject to the bank's mortgage. The decree there appealed from had directed the foreclosure of this mort-

gage. Appellant testified that the cashier demanded a sum $11 in excess of the amount due the bank and secured by the mortgage, and that he then applied to the clerk of the chancery court for a statement of the correct amount due under the decree, including the costs and the interest, and that the clerk advised him that the amount due the bank was $519.40, which sum he tendered and paid to the attorney of record for the bank, after giving separate checks for the costs of the suit. The bank's attorney thereupon entered upon the margin of the records of the chancery court the following indorsement: "This judgment is satisfied in full, this 9th day of March, 1927. D. D. Glover, attorney for plaintiff."

Thereafter appellant requested the cashier of the bank to enter satisfaction of the mortgage upon the margin of the record thereof, and, after waiting sixty days for this to be done, his request not having been complied with, he brought this suit to recover damages, under the sections of the statute quoted above.

Appellant testified that he negotiated a sale of the property described in the mortgage, which he was unable to consummate because of the failure of the bank to satisfy the mortgage of record. On the day after the institution of this suit the cashier of the bank properly satisfied the mortgage record.

Appellee insists that the judgment of the court below should be affirmed for the following reasons:

(1) That the suit was not brought in good faith, as the testimony shows that appellant called a witness to whom he privately gave directions to make a note of the date upon which the request to satisfy the mortgage was made. This witness testified that he was present when appellant made this request of the cashier of the bank, and that the witness made a note of the date upon which this demand was made. (2) That the payment made by appellant to the clerk was $2.21 less than the amount actually due the bank. (3) That the notice was insufficient. (4) That the satisfaction of the decree of fore-

closure was a substantial compliance with the statute, inasmuch as the mortgage lien was merged in the lien of the decree.

The testimony does show an apparent intent on appellant's part to sue for the penalty at the time he made the demand for the satisfaction of the mortgage, and that he brought this suit at the earliest date possible. But that fact does not constitute a defense to this suit. It is the duty of the mortgagee, or his assignee, at the request of the person making satisfaction, to acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded, and, if this is not done, a cause of action arises, because the statute gives it, and it is no defense thereto that the person making the satisfaction was prompted by a mercenary motive. In this connection it may be said that appellant was the proper person to make this request, although he was not the mortgagor, as he had bought the property subject to the mortgage. In the case of *Johns* v. *Rollison*, 152 Ark. 52, 237 S. W. 448, in construing the statute above quoted, it was said: "In other words, our statute penalizes the ones receiving satisfaction for not satisfying the record, upon the request of those making satisfaction. The statute, of course, means interested parties, not volunteers. Appellant was an interested party, and not a volunteer, and the bank was fully advised of that fact and the nature of appellant's interest through the previous litigation involving this mortgage.

Appellee insists that appellant did not pay the sum due the bank and secured by the mortgage. It is, of course, essential that the mortgagee be paid the full amount due under and secured by the mortgage before a cause of action could arise under the statutes quoted. However, if the bank, or its authorized agent, accepted the sum tendered as full payment of the balance due, then the duty to satisfy the mortgage arose, and it would be no defense to say that the tender was insufficient, there being no contention that appellant had deceived the bank

in this respect.  In other words, if the bank voluntarily elected to accept in full payment of the mortgage indebtedness a smaller sum than the amount actually due, it could not thereafter be heard to say that the indebtedness had not been paid.

Upon the question of the form of demand which should be made upon the mortgagee, it may be said that the statute does not prescribe how the demand shall be made, as it provides only that satisfaction shall be made "at the request of the person making satisfaction." In the case of *Johns* v. *Rollison, supra,* the request to satisfy was made "through the medium of a letter," and this was treated, without discussion of the subject, as a sufficient demand to comply with the statute. We are therefore of the opinion that a demand to satisfy is sufficient which calls to the attention of the mortgagee the fact that the indebtedness secured by the mortgage has been paid, and requests, in consideration of that payment, that satisfaction of the mortgage be made.  The statute does not require a written notice, but makes a "request" sufficient, and this request may be either oral or written.

It is true the attorney for the bank indorsed upon the margin of the decree of the chancery court the payment in full of the indebtedness secured by the mortgage the foreclosure of which was there decreed, and it is true also that this indorsement could have been shown in bar of any action on the part of the bank to foreclose or otherwise proceed under that decree.  But that indorsement did not comply with the requirements of the statute quoted.  The purpose of the statute was to require that the record showing the mortgage of record should show also its satisfaction, so that one examining the records might be advised that the lien of the mortgage had been satisfied.

At § 354 of the chapter on Mortgages, in 19 R. C. L., 548, it is said: "Although there is some conflict on the question, the weight of authority favors the doctrine that a decree of foreclosure does not merge the lien of the

mortgage until it has been consummated by sale and satisfaction. This is in harmony with settled general rules, because a mortgage lien is extinguished only by payment or release.'' Among the cases cited in the note to the text quoted is that of *Ford* v. *Harrison*, 69 Ark. 205, 62 S. W. 59, 86 Am. St. Rep. 192, in which case the syllabus reads as follows: ''While the general lien of a decree continues in force as to the judgment debtor's land only three years from the date of the decree, unless revived, the lien of a mortgage on land, enforced by decree, does not lapse after three years from the date of the decree.''

The indorsement of the satisfaction of the decree of foreclosure would, of course, prevent the bank from proceeding thereunder, but the payment of the indebtedness, without this indorsement, could also be pleaded in bar of any action on the part of the bank to sell the land. But the statute contemplates that the record which shows the existence of the mortgage shall also show its satisfaction, and that this evidence of satisfaction shall be indorsed upon the margin of the mortgage record. The satisfaction of the decree of foreclosure was not a compliance with this statute, as the mortgagor was entitled to have the mortgage record satisfied.

We conclude therefore that the court was in error in directing a verdict in appellee's favor, and the judgment of the court below must therefore be reversed, and it is is so ordered.