LITTLE *v.* EVANS.

4-3981

Opinion delivered November 18, 1935.

*Henry Stevens* and *D. K. Hawthorne,* for appellants.
*Evans & Evans,* for appellee.

JOHNSON, C. J.   On December 1, 1915, C. C. Hamiter and Eugene Hamiter, his wife, executed to one F. B. Collins a note for the sum of $1,600 due and payable December 1, 1922, drawing annual interest, and, to secure the due payment thereof, executed a mortgage upon certain lands situated in Lafayette County, Arkansas.

On February 4, 1919, C. C. Hamiter and wife conveyed this tract of land to E. W. Howell, subject to the mortgage of December 1, 1915.

On February 4, 1920, E. W. Howell and wife conveyed the tract of land to D. D. Hamiter who by the express terms of the deed assumed and agreed to pay the mortgage indebtedness first mentioned.

On May 7, 1921, D. D. Hamiter and wife executed a mortgage upon this tract of land to Lula Little to secure an indebtedness of $2,000 which by its express terms was subject to the mortgage of December 1, 1915.   The mortgage and note first mentioned were by assignment transferred from F. B. Collins to F. L. Collins prior to maturity.   On March 21, 1923, D. D. Hamiter and wife, Aletha

A. Hamiter executed an extension agreement in favor of F. L. Collins, the then holder and owner of the mortgage and note of December 1, 1915, by the terms of which the maturity of the indebtedness was extended from December 1, 1922, until December 1, 1929, and by the express terms thereof agreed to guarantee the payment of the principal and interest as they matured.

On March 7, 1929, the following indorsement was entered by the clerk and *ex-officio* recorder of Lafayette County upon the margin of the mortgage record of December 1, 1915:

"A written agreement dated March 21, 1923, for the extension of the time for the payment of the note for $1,600 herein described until December 1, 1929, has this day been filed in my office and is duly recorded in record book R-5 at page 625 this 7th day of March, 1929.
"Attest: A. M. Shirey, Clerk."

By proper assignment, Charles I. Evans is now the legal owner and holder of the 1915 note, mortgage and extension thereof. Interest payments were regularly made upon this mortgage indebtedness up to the time the extension agreement was filed and indorsed upon the margin of the mortgage record, but said payments were not indorsed upon the margin of the mortgage record. On May 10, 1930, D. D. Hamiter and wife executed to Lula Little another mortgage upon this tract of land to secure an indebtedness of $2,000 which was immediately filed for record. No marginal indorsements of payments were placed upon the record of the Little mortgage of 1921.

The 1930 Little mortgage and note were transferred by proper assignment to the Federal Bank & Trust Company of Little Rock.

This suit was instituted by Charles I. Evans in the Lafayette Chancery Court against C. C. Hamiter and other appellees seeking the foreclosure of the 1915 mortgage as extended and the facts heretofore stated were alleged.

By answers of attorney *ad litem* and guardian *ad litem*, theretofore duly appointed, the material allegations of the complaint were put in issue. The State Bank Commissioner filed an intervention in said cause in which

he alleged his status as liquidator of the Federal Bank & Trust Company of Little Rock, and that as such agent he holds as collateral security the note and mortgage securing same, executed by D. D. Hamiter to Lula Little of date May 7, 1930. Answers were filed by the other appellants, but the above statement will suffice to show the decisive issues of the case. Testimony was adduced upon the trial establishing the facts as herein stated, and, in addition thereto, that the Little note and mortgage of May 7, 1930, was executed by the Hamiters in renewal of the note and mortgage of 1921.

The chancellor determined that the Evans note and mortgage were superior to the Little mortgage of 1930 and entered a decree accordingly. He also determined that Aletha A. Hamiter, wife of D. D. Hamiter, was liable upon the extension agreement for the principal and interest due, and this appeal comes from a decree to this effect.

The Little mortgage of 1921 was inferior to the Evans mortgage of 1915 because it expressly so provided. The indebtedness secured by the 1921 Little mortgage matured by its terms in May, 1923. The indebtedness secured by the Collins mortgage of 1915 matured by its terms on December 1, 1922. The extension agreement executed by D. D. Hamiter and wife extended the maturity of the indebtedness secured by the Collins mortgage up to December 1, 1929, although not filed for record nor indorsed upon the margin thereof as required by § 7382 of Crawford & Moses' Digest, until March 7, 1929. We so expressly decided in *Mullins* v. *Wilcox,* 124 Ark. 17, 186 S. W. 290. See also *Wasson* v. *Beekman,* 188 Ark. 895, 68 S. W. (2d) 93; *Wasson* v. *Tapscott,* 188 Ark. 771, 67 S. W. 728; *Bank of Mulberry* v. *Sprague,* 185 Ark. 410, 47 S. W. (2d) 601; *Connelly* v. *Hoffman,* 184 Ark. 497, 42 S. W. (2d) 985; and *Gunnells* v. *Farmers Bank,* 184 Ark. 149, 40 S. W. (2d) 989.

The extension agreement and the indorsement thereof on the margin of the record had the effect of extending the maturity of said indebtedness up to December 1, 1929, therefore the statutory bar of limitations could not attach under § 7382 of Crawford & Moses' Digest un-

til December 1, 1934. The Little mortgage of 1930 being executed subsequent to the marginal indorsement of March, 1929, is inferior to the 1915 mortgage.

On the contention that Mrs. Hamiter is not personally liable, but little need be said. She executed the extension agreement of 1923, and therein expressly agreed to pay the 1915 mortgage debt and interest.

The extension agreement by its terms postponed the maturity of the debt to a definite future date which was a good and valuable consideration. See § 575, Jones on Mortgages, 8th edition.

No error appearing, the judgment is affirmed.