WEBB *v.* ALEXANDER.

4-4962

Opinion delivered February 28, 1938.

728

*Holland & Holland, R. S. Wilson* and *George W. Dodd* and *I. J. Friedman,* for appellants.

*Starbird & Starbird,* for appellee.

SMITH, J.  On January 4, 1930, Albert Bright borrowed $500 from the Bank of Mulberry, and gave his note therefor to the bank, bearing interest at 10 per cent. per annum from date until paid, due one year after date, and by way of security for the loan executed to the bank a mortgage on an 80-acre tract of land.  Bright paid no part of the principal, but, on January 5, 1931, one day after the maturity of the note, paid interest amounting to $50.  Bright later gave the same bank a second mortgage on the same land; but that mortgage was paid.

On November 10, 1934, Bright sold and conveyed, by warranty deed, the land which he had mortgaged to the bank to C. O. Farnsworth.  This deed contains the following recital: "Subject to a loan in favor of the Bank of Mulberry, or assigns, dated January 4, 1930, recorded in Mortgage Record Book 122, page 559."

On the same day—November 10, 1934—Farnsworth conveyed the same land, by warranty deed, to A. G. Edwards and Merle Edwards, his wife, for the recited consideration of $2,200, as follows: "Four hundred ($400) dollars, cash in hand (the receipt of which is hereby acknowledged) and note in a net of $200 due July 1st, 1935, one note in amount of $900 payable in five equal payments of $180 each.  All the above at the rate of 8 per cent. per annum.  Assumption of a loan in favor of the Bank of Mulberry in the amount of $500 recorded in Record Book, 122, page 559, . . .. bearing interest at the rate of 8 per cent. per annum, . . . . It being

herein expressly understood that a lien is hereby retained upon said lot or parcel of land to secure the payment of residue of the purchase money hereinbefore mentioned.''

It thus appears that Bright's note to the bank was specifically identified and the assumption of its payment was made a part of the $2,200 consideration contracted to be paid for the land, except that it was referred to as bearing interest at 8 per cent., whereas it bore interest at the rate of 10 per cent. The lien was retained ''to secure the payment of residue of the purchase money hereinbefore mentioned,'' which was, of course, the $2,200 agreed to be paid, less the $400 payment, leaving a balance of $1,800, of which the $500 note was a part.

On March 6, 1936, Edwards and wife conveyed the land to R. L. Webb, who is referred to throughout the record as Mrs. Ruth Webb. This deed recites that it was executed ''for and in consideration of the sum of One Cash ($1.00) and other considerations, to us paid.'' It also recited that ''This deed being subject to ($900) paid in 5 equal payments of $180 each at 8 per cent. per annum.''

Appellee Paul Alexander filed a complaint in the chancery court of the county where the mortgaged land is located against Albert Bright, C. O. Farnsworth, A. G. Edwards and Merle, his wife, and Mrs. Ruth Webb, and Grover, her husband. This complaint alleged the execution of the $500 note from Bright to the bank and the conveyances above-mentioned which refer to it, and that the note was wholly unpaid except the $50 payment made 1-5-1931 by Bright, and payments thereon of $56 on November 1, 1935, and of $14 on November 15, 1935, by Farnsworth, and a payment on November 20, 1935, by A. G. Edwards of $25. The balance due on the $500 note was alleged to be $721.65, and judgment therefor was prayed against Bright and Edwards and wife, and that appellee ''be subrogated to the security held by the defendant, C. O. Farnsworth, and his said indebtedness decreed to be prior and superior thereto and that said land be ordered to be sold to pay such indebtedness and from

the funds arising upon such sale be applied first to plaintiff's said debt and the balance, if any, applied as the court shall order.'' For the purpose of identification, the note from Bright to the bank will be referred to as the $500 note.

An intervention was filed by Mrs. E. S. Friedman, in which she alleged that, for full value, she had purchased from Farnsworth the $900 note executed to his order by Mr. and Mrs. A. G. Edwards above referred to. The $200 note executed at the same time and for the same purpose as the $900 note has been paid and will not again be referred to. The intervener prayed that the $900 note be declared a first lien on the land. The Webbs filed an answer to the intervention and an answer also to the original complaint. Farnsworth filed a separate answer to the intervention and to the original complaint. These pleadings raised the defense that the original $500 note of Bright to the bank is barred by the statute of limitations, for the reason that the payments thereon above recited were never indorsed upon the margin of the record where the mortgage from Bright to the bank is recorded, as required by § 9465, Pope's Digest.

The right of the appellee Alexander to sue is now questioned upon the ground that the ownership of the note has not been established; but this issue was not specifically raised in the various answers. The complaint alleged the assignment of the note to appellee, and when it was offered in evidence counsel for Mrs. Webb objected to its introduction ''because the purported assignment on the back of the note is not pleaded in the complaint.''

The note contained the following indorsement: ''For value received we hereby sell and transfer to M. C. Alexander without recourse this note with security accompanying same as by order of Board of Directors on this 14th Jan. 1930. (Signed) H. C. Wagner, Cashier.'' Wagner was the cashier of the Bank of Mulberry, the mortgagee.

The original of this mortgage was not introduced in evidence, and it does not, therefore, appear whether it was indorsed as having been assigned; but the record

thereof was introduced, and no indorsement of the assignment had ever been made upon the margin of the mortgage record, and, as has been said, there were no indorsements of the payments above recited on the margin of the record.

It was not made to appear whether M. C. Alexander is the same person as Paul Alexander, the name in which he filed this suit. But appellee Paul Alexander testified without cross-examination that he purchased the note from the bank, and that it was assigned and delivered to him on the date of its assignment, and that he has at all times since been the owner thereof. He produced the note at the trial and testified that he was then the owner and had been its owner since its purchase, and that he had so advised Bright and Farnsworth and Edwards, and that each of these parties paid him interest as above stated.

We think this testimony sufficiently establishes appellee's ownership of the note. He also testified that both Farnsworth and Edwards had asked and had been granted indulgence in carrying the note and in not foreclosing the mortgage which secured its payment.

On behalf of Mrs. Webb, testimony was offered to the effect that when the abstract of the title was examined inquiry was made of Edwards, who became her grantor, as to the recitals above copied in regard to the $500 note. Edwards advised her that the note had been paid, and as proof of that statement exhibited to her the following letter:

"BANK OF MULBERRY

"Mulberry, Arkansas.
"January 14th, 1935.

"Mr. A. G. Edwards,
"1010 West Noble St.,
"Oklahoma City, Okla.

"Dear Mr. Edwards:

"Confirming our conversation over telephone today will say that the Bank of Mulberry does not have any lien of any kind against the 80 acres of land he sold West

of Mulberry, Ark. We had a second mortgage on this land but has been paid in full.

"Yours very truly,

(Signed) "H. Wagner, Cashier."

In reliance upon this letter, Mrs. Webb purchased the land from Edwards and wife, and there was executed to her by them the deed above referred to.

Other conveyances, assignments and contracts were afterwards made involving the same land; but there appears to be no issue as to them and the opinion will not be further complicated by their recital.

The court found and decreed that "the defense of the Statute of Limitations pleaded to the note and mortgage is not well taken, for the reason that the court finds that before the bar of the Statute attached, that the assumption of the plaintiff's mortgage in the deed from C. O. Farnsworth and wife to A. G. Edwards and wife and the further agreement in the same deed to pay the same out of the purchase money of the land sold him by Edwards, for the land in question and the further fact that the land in question referred to is in the direct line of title of all the defendants and former defendants in this action was sufficient constructive notice to them and each of them of a new point to start the Statute of Limitations from."

Upon this finding the court rendered judgment against Bright upon the $500 note in the sum of $810, including interest, and adjudged "that the same is a first lien upon the land described in plaintiff's complaint." A payment had been made upon the $900 note, upon which the court adjudged that "there is due to Mrs. E. S. Freidmen, upon her purchase money notes, and lien reserved therein in the deed from Farnsworth to Edwards the sum of $989, and that the same is a second lien on said premises." Mrs. Webb had contracted to reconvey the land to Farnsworth, and that transaction is disposed of by decreeing "That the purchase money due to Ruth L. Webb from C. O. Farnsworth, on repurchase of said land by Farnsworth, is $705 and that the same is a third lien upon the same lands hereinbefore referred to." The

sale of the land was ordered by the clerk of the court as commissioner, with directions to distribute and pay over the proceeds of the sale in accordance with the priorities above stated. From this decree Mrs. Webb and Mrs. Friedman have appealed. Farnsworth and Mr. and Mrs. Edwards have not appealed.

It is insisted that even though the court may have been in error as to the reasons assigned for the decree rendered it is right nevertheless and should be affirmed for the reason that the $500 note was a part of the consideration for the conveyance from Farnsworth to Edwards and was secured by the vendor's lien there retained as being a part of the purchase price, and that it should have priority in payment over the remaining portion of the unpaid purchase money, that is, it should have priority in payment over the $900 note purchased by Mrs. Friedman.

No one connected with this litigation questions the law as declared in *Green* v. *Maddox,* 97 Ark. 397, 134 S. W. 931, that " 'No rule is better settled than this, that one is bound by whatever, affecting his title, is contained in any instrument through which he must trace title, even though it be not recorded, and he have no actual notice of its provisions.' " Appellants not only were charged with constructive notice of the recitals in the deeds herein mentioned, but admit actual knowledge thereof. They insist, however, that the letter from Wagner, cashier of the bank, to Edwards, above copied, authorized them to believe that the mortgage to the bank had been paid, inasmuch as the interest of Alexander was unknown to them until after the suit was brought, and they insist that even though the note had been kept alive by the payments made on it the mortgage securing it was barred for the reason that no marginal notations had been made of these payments.

The letter from Wagner, cashier, to Edwards was dated January 14, 1935, which was more than four years after the bank had sold the note to appellee. The bank had no interest in the note at the time the letter was written, and had assigned the security along with the

note. The cashier was evidently confused in his recollection of the transaction. There was no demand that the mortgage be satisfied. Such a demand would have revealed the facts. *Johns* v. *Rollison*, 152 Ark. 52, 237 S. W. 448. Section 9452, Pope's Digest, imposes upon the mortgagee the duty to acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded when the debt it secures has been paid. Section 9453, Pope's Digest, provides that "If any person thus receiving satisfaction do not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money to be recovered by civil action in any court of competent jurisdiction."

Mr. and Mrs. Edwards and Mrs. Webb were charged with notice of the recitals in the deed from Farnsworth to Mr. and Mrs. Edwards. Farnsworth had expressly assumed the payment of this note as a part of the consideration of the deed to him, and he, of course, knew that he had not paid the note. Edwards also knew the note was not paid, as he had assumed its payment as a part of the consideration for the deed to him from Farnsworth.

After purchasing the land and receiving a deed thereto from Mr. and Mrs. Edwards, the Webbs went to the bank and inquired about the mortgage. Wagner, the cashier, was not in the bank at the time, but T. J. House, assistant cashier, was shown the letter above referred to from Wagner to Edwards. House then wrote on the letter the following statement with a typewriter: "Albert Bright note $500 dated Jan. 4, 1930, due Jan. 4, 1931, secured by real estate, paid to Bank of Mulberry, Ark. Jan. 10, 1931. E½ SW¼ 29-10-29." The land described is the land mortgaged to secure the $500 note. This statement was signed: "T. J. House, Asst. Cashier."

It must have been obvious that this statement was erroneous, for at a time more than three years later than January 1, 1931, this note was referred to in the deed to

Farnsworth from Bright and its payment there assumed, and was also referred to in the deed from Farnsworth to Mr. and Mrs. Edwards, it being recited in the conveyances to them that they were made subject to the mortgage securing the note, which was specifically identified, not only by its date, but also by reference to the book and page where the mortgage securing it was recorded.

The case of *Trent* v. *Johnson*, 185 Ark. 288, 47 S. W. 2d 12, 80 A. L. R. 1431, announces certain principles the application of which to the facts of this case leads to the conclusion that the court did not err in ordering the foreclosure of the mortgage, although it may have been error to render personal judgment against Bright for the balance due on the note, inasmuch as he made no payments since January 5, 1931, when he paid the $50 in interest above stated, and a period of more than five years had elapsed since that date prior to the institution of this suit. But Bright has not appealed.

The facts in the case of *Trent* v. *Johnson, supra,* which are relevant here are as follows: Trent executed June 7, 1911, a mortgage to Croxdale to secure a note for $1,250 which he had borrowed from Croxdale. Trent sold the mortgaged land to Hamilton, who assumed and agreed in the deed to him to pay the mortgage indebtedness. Hamilton sold to Trimble, who assumed and agreed to pay the mortgage indebtedness. There were other conveyances of the mortgaged land in most of which the grantees assumed and agreed to pay the mortgage indebtedness. Trent had no further connection with his note and mortgage after selling to Hamilton in 1913. Subsequent grantees paid the interest until and including June 7, 1929. Interest due June 7, 1930, was not paid, when suit to foreclose was brought.

It was held that the assumption of the mortgage debt by the mortgagor's grantee in a deed conveying the mortgaged property did not release the mortgagor from his liability, but that subsequent payments by his grantee, who assumed payment of the mortgage debt, would not toll the statute of limitations as to the mortgagor. It was so held for the reason that the grantee could not, by

any act of his, impute to his grantor the effect of an act or subject him to a new liability. As more than seven years had elapsed when the suit was filed since Trent had made his last payment of interest it was held that the bar of the statute had fallen as to Trent. But it was not held that the lien of the mortgage was barred. On the contrary, it was said that ''As the grantee (of Trent) was personally liable for the debt secured by the mortgage, his payments of interest interrupted the running of the statute, the debt remained enforceable against him, and, therefore, the lien remained in existence, and the trial court correctly decreed its foreclosure, but erred in rendering a personal judgment against the appellant (Trent).''

Here, in 1934, which was only three years after the $500 note had matured, Farnsworth and the Edwards, in the respective conveyance to them, assumed its payment, and that assumption is expressed in deeds which are in Mrs. Webb's chain of title. It would, therefore, have been unimportant if Mrs. Webb had been ignorant of that fact, and it would also have been unimportant had these deeds not been of record. The assumption of payment of the $500 note by the grantees in the deeds appearing in Mrs. Webb's chain of title, who became her grantors, was made within less than five years before the institution of this suit, and the lien of the mortgage, as held in the Trent case, *supra,* was thus kept alive, although the debt as against Bright was barred, as was the debt there against Trent, the mortgagors in the respective mortgages.

The court did not err, therefore, in ordering the foreclosure of the mortgage; nor was error committed in awarding priority to the $500 note. Bright's mortgage securing the $500 note was an outstanding lien when Farnsworth and the Edwards purchased the land, and as a matter of law and as a matter of fact they purchased subject to this mortgage. The vendor's lien which Farnsworth retained was subject and subordinate to it, and the court properly decreed that the vendor's lien was subordinate to the mortgage lien.

The case of *Haney* v. *Holt,* 179 Ark. 403, 16 S. W. 2d 463, involved the question of priority of liens. A mortgage was given by S. H. Haney to H. H. Holt, which was never filed for record. S. H. Haney gave W. H. Haney a mortgage on the same property, which was properly recorded. This last mentioned mortgage recited that it was second to the mortgage given to Holt, but it was insisted that the mortgage to W. H. Haney was prior because the mortgage to Holt had never been filed for record. We held, however, that the recital in the mortgage that it was made subject to another will postpone it thereto, without regard to questions affecting priority of record. In so holding we quoted from the case of *Young* v. *Evans Co.,* 158 Mo. 395, 59 S. W. 113, as follows: "The plaintiffs, by accepting their subsequent mortgage under the circumstances aforesaid, ceased to be strangers to the defendant's prior mortgages, and were thereby brought into contractual relations with said mortgages, and they imposed limitations upon the interest acquired by them in the property, to the extent of defendant's equitable lien under said prior mortgages, subject to which they agreed to take. There is nothing in the statutes of Arkansas, or in the rulings of the Supreme Court of that state thereupon, prohibiting the making or impugning the validity of such a contract." See, also, *Wells* v. *Farmers Bank,* 181 Ark. 950, 28 S. W. 2d 1059; *Foster* v. *Taylor,* 187 Ark. 172, 58 S. W. 2d 675; *Little* v. *Evans,* 191 Ark. 676, 87 S. W. 2d 579.

Section 9465, Pope's Digest, does not apply here, and for that reason we do not review or discuss the cases construing it which opposing counsel have cited in their briefs.

The decree of the court below is correct, and it is, therefore, affirmed.